UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-80768-RAR

**FERRARA CANDY COMPANY**,

    Plaintiff,

v.

**AKIMOV, LLC d/b/a TOP FIVE WHOLESALE**,

    Defendant.
_____/

## JUDGMENT AND PERMANENT INJUNCTION

**THIS CAUSE** comes before the Court on the parties' Stipulation for Entry of Judgment, [ECF No. 11], ("Stipulation"). The Court having carefully reviewed the Stipulation and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that the Stipulation is **GRANTED** and final judgment, including permanent injunction, is hereby entered as set forth below.

## JUDGMENT

It is hereby found by the Court, with the consent of Ferrara Candy Company ("Ferrara") and Akimov, LLC d/b/a Top Five Wholesale ("Akimov") as follows:

    1.    This Court has jurisdiction over Ferrara and Akimov and over the subject-matter of this action, and venue is proper.

    2.    Ferrara is engaged in the manufacture, distribution, sale, and marketing of well-known candy products, including its famous NERDS® and TROLLI® candy, throughout the United States.

    3.    Ferrara owns trademark rights in the NERDS and TROLLI trademarks and the depictions of certain NERDS characters, as reflected, in part, by its registrations with the United States Patent and Trademark Office shown below:

| MARK | REG. NO. | REG. DATE | RELEVANT GOODS |
|---|---|---|---|
| NERDS | 2,209,131 | December 8, 1998 | Candy in Class 30 |
| Nerds (logo) | 4,400,174 | September 10, 2013 | Candy in Class 30 |
| Rainbow Nerds (logo) | 4,400,153 | September 10, 2013 | Candy in Class 30 |
| (white Nerd character) | 4,414,355 | October 8, 2013 | Candy in Class 30 |
| Nerds (logo with color splashes) | 6,570,731 | November 23, 2021 | Candy in Class 30 |
| (pink Nerd character) | 6,556,724 | November 9, 2021 | Candy in Class 30 |
| (green Nerd character) | 6,556,722 | November 9, 2021 | Candy in Class 30 |
| (purple Nerd character) | 6,603,978 | September 23, 2020 | Candy in Class 30 |
| (orange Nerd character) | 6,609,567 | January 4, 2022 | Candy in Class 30 |
| (blue Nerd character) | 6,747,812 | May 31, 2022 | Candy in Class 30 |

| | 2,920,232 | January 18, 2005 | Candy in Class 30 |
|---|---|---|---|
| TROLLI | 1,285,440 | July 10, 1984 | Candy-Namely, Fruit Chewing Gum, Gum Drops, Jelly Candies, and Chocolate and Bakery Goods in Class 30 |
| TROLLI SQUIGGLES | 2,146,247 | March 24, 1988 | Candy in Class 30 |
| TROLLI OCTOPUS | 2,140,787 | March 3, 1998 | Candy in Class 30 |
| TROLLI CATERPILLARS | 2,140,788 | March 3, 1998 | Candy in Class 30 |
| TROLLI SODA POPPERS | 3,976,070 | June 7, 2011 | Candy in Class 30 |
| TROLLI EXTREME SOUR BRITES | 4,709,231 | March 24, 2015 | Candy in Class 30 |
| TROLLI SOUR BRITE | 4,941,337 | April 19, 2016 | Candy in Class 30 |
| TROLLI | 5,004,764 | June 19, 2016 | Lip balm in Class 3 |
| TROLLI | 5,445,125 | April 10, 2018 | Backpacks and fanny packs in Class 18<br><br>Apparel, namely, hats in Class 25<br><br>Ornamental cloth patches and ornamental novelty patches in Class 26 |
| TROLLI | 5,618,982 | November 27, 2018 | Key chains in Class 14<br><br>Clothing, namely, shirts, socks, sweatshirts and jackets in Class 25<br><br>Ornamental novelty pins in Class 26 |

(collectively referred to herein as the "Ferrara Marks"). These registrations are valid and subsisting, and constitute conclusive evidence of Ferrara's exclusive right to use the Ferrara Marks. 15 U.S.C. § 1115(b).

4. Since their introduction, the NERDS and TROLLI candy brands have achieved enormous commercial success throughout the United States, including in Florida. As a result of this commercial success, the Ferrara Marks have become famous among the general consuming public of the United States, and represent extraordinarily valuable goodwill owned by Ferrara.

5. Ferrara has marketed its NERDS and TROLLI candy products to parents as a fun and enjoyable treat for children of all ages. Therefore, Ferrara would never condone or authorize the use of the Ferrara Marks in connection with products that could be harmful to children. Moreover, Ferrara has never authorized the use of any of the Ferrara Marks, or any other marks it owns, in connection with products infused with Tetrahydrocannabinol ("THC-infused products") or for any cannabis products.

6. Ferrara filed its Complaint on May 23, 2022, alleging, *inter alia*, claims for trademark infringement, trade dress infringement, and unfair competition under federal and Florida state law based on Akimov's unauthorized marketing, sale, distribution, and advertising of THC-infused products bearing imitations of the Ferrara Marks ("Accused Products").

7. Pursuant to the parties' Stipulation, the manufacture, marketing, sale, distribution, and advertising of the Accused Products constitutes:

    a.    Federal counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114;

    b.    trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114;

    c.    trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125, and Section 32 of the Lanham Act, 15 U.S.C. § 1114;

    d.    trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and Florida law, Fla. Stat. § 495.141;

    e.    unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

    f.    unfair competition in violation of the Florida Deceptive and Unfair Trade Practices Act, §§ 501.201 *et seq.*; and

    g.    unfair competition in violation of Florida common law.

Based on the foregoing, the Court finds that injunctive relief is appropriate, and it is thus

**ORDERED AND ADJUDGED** as follows:

a) Akimov and its agents, corporate and entity affiliates related through common ownership or control, servants, employees, agents, attorneys, heirs, executors, administrators, successors and assigns, and all persons or entities acting in concert or participation with it are hereby permanently enjoined from:

    i)    the manufacture, marketing, sale, advertising, and distribution of the Accused Products or any other unauthorized products bearing the Ferrara Marks, or any mark similar to or dilutive of the Ferrara Marks; and

    ii)    engaging in any other conduct that tends to falsely represent, or that is likely to confuse, mislead, or deceive consumers into believing, that Akimov or its products or services are sponsored, approved, or licensed by Ferrara, or are in some way connected or affiliated with Ferrara.

b) Akimov and all others holding by, through or under it, are hereby required, jointly and severally, to:

    i)    account for and pay over to Ferrara all profits derived from their acts of trademark infringement, trade dress infringement, and unfair competition in accordance with 15 U.S.C. § 1117(a) and Florida common law;

    ii) destroy any remaining Accused Products in their possession, including packaging, and any advertising, marketing, or promotional materials that include unauthorized uses of the Ferrara Marks; and

    iii) send a notice to any existing customers or vendors requesting that any remaining inventory of the Accused Products be removed, destroyed, and replaced with Akimov's rebranded products in the future.

c) This Court shall retain jurisdiction over this matter for the purpose of enforcing this Judgment.

d) Each party shall bear its own costs and attorneys' fees.

e) The Clerk of Court is directed to **CLOSE** this case and any pending motions are **DENIED as MOOT.**

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 27th day of October, 2022.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**